**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 28, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHARLES LEONARD LAWSON,

Defendant - Appellant.

No. 20-6195
(D.C. No. 5:19-CR-00006-R-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **McHUGH**, **MORITZ**, and **CARSON**, Circuit Judges.
_____

Charles Leonard Lawson has appealed from his sentence despite the appeal

waiver in his plea agreement. The government now moves to enforce that waiver

under *United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc)

(per curiam). Lawson's counsel responds that she is aware of no non-frivolous

argument for overcoming the waiver and she has moved to withdraw. *See Anders v.*

*California*, 386 U.S. 738, 744 (1967). We gave Lawson an opportunity to file a pro

se response, which he did. For the reasons explained below, we will grant the

_____

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

government's motion to enforce the appeal waiver, grant counsel's motion to withdraw, and dismiss this appeal.

In January 2019, a grand jury in the Western District of Oklahoma indicted Lawson on various offenses related to firearms and controlled substances. Lawson soon agreed to plead guilty to one count of being a felon in possession of a firearm in exchange for dismissal of the other charges. He further agreed to waive his "right to appeal [his] sentence as imposed by the Court, including . . . the manner in which the sentence is determined." Mot. to Enforce Appellate Waiver, Attach. 1 ("Plea Agreement") ¶ 15(b). But the appeal waiver contained two exceptions: (1) "the applicability of the [Armed Career Criminal Act (ACCA)] enhancement should the Court find the ACCA enhancement applies," and (2) "the substantive reasonableness of [his] sentence" if the district court imposed a sentence "above the advisory Guidelines range determined by the Court to apply to Defendant's case." *Id.*

At the change-of-plea hearing, the district court conducted a thorough colloquy with Lawson and found that he intelligently and voluntarily waived the rights he was giving up through his plea agreement, including his right to appeal. The district court therefore accepted the agreement.

As implied by the appeal waiver's ACCA exception, the parties disputed whether the ACCA's career-offender enhancement applied. *See* 18 U.S.C. § 924(e)(1) (imposing a fifteen-year minimum sentence on persons convicted of illegally possessing a firearm who have three previous convictions for "a violent felony or a serious drug offense"). At sentencing, the district court ruled against

2

Lawson on that issue and sentenced him to the mandatory fifteen-year minimum.

Lawson then challenged that decision before this court. We held that one of the prior convictions on which the district court relied did not count for career-offender purposes, so we vacated and remanded for resentencing. *See United States v. Lawson*, 827 F. App'x 886, 889 (10th Cir. 2020).

On remand, the district court found that Lawson's advisory Guidelines range was 110 to 120 months' imprisonment and resentenced him to 120 months. Lawson now appeals from that sentence.

Our first question when faced with a motion to enforce an appeal waiver is "whether the disputed appeal falls within the scope of the waiver." *Hahn*, 359 F.3d at 1325. In his pro se response, Lawson argues that the district court overcounted his prior convictions and therefore assessed too many criminal history points when making its Guidelines calculations. But there is no waiver exception for Guidelines calculations. To the contrary, Lawson explicitly gave up his right to appeal "the manner in which the sentence is determined." Plea Agreement ¶ 15(b). This argument therefore falls within the scope of the waiver.

Analogizing from issues presented in Lawson's previous appeal, Lawson's counsel suggests another argument that he might attempt (although counsel ultimately does not believe it avoids the waiver). As noted, the question in that appeal was whether one of Lawson's prior convictions was properly counted as an ACCA predicate conviction—specifically, whether an Oklahoma conviction for possessing a "controlled dangerous substance" (CDS) with intent to distribute

3

counted as a "serious drug offense" for purposes of the ACCA's career-offender enhancement. *See Lawson*, 827 F. App'x at 887 (internal quotation marks omitted). Our answer was "no." *See id.* at 889. At the resentencing hearing, the district court did not apply the career-offender enhancement, but when calculating Lawson's Guidelines range, it found a base offense level of 24 because it deemed Lawson's CDS conviction to be a "controlled substance offense," USSG § 2K2.1(a)(2). Lawson's counsel believes Lawson may wish to argue that, just as Oklahoma's CDS statute does not describe a "serious drug offense" for ACCA purposes, it does not describe a "controlled substance offense" for Guidelines purposes. And, says counsel, Lawson may claim that this argument falls within the waiver exception regarding applicability of the ACCA.

We agree with counsel that, whatever the merits of the underlying argument, it does not avoid the appeal waiver. Although the argument may analogize to cases interpreting the ACCA, it is not an argument about "the *applicability* of the ACCA," Plea Agreement ¶ 15(b) (emphasis added).

We have independently reviewed the record and have found no other potential bases for avoiding the appeal waiver. Accordingly, we find that this appeal falls within the scope of the waiver.

We next ask "whether the defendant knowingly and voluntarily waived his appellate rights." *Hahn*, 359 F.3d at 1325. Lawson presents no argument in this regard, but his counsel suggests an argument (which, again, she ultimately finds meritless). Counsel proposes that the district court overemphasized the advisory

4

Guidelines range at the expense of properly weighing the 18 U.S.C. § 3553(a) factors, leading to a greater-than-necessary sentence. "Mr. Lawson," says counsel, "cannot be held to have knowingly and voluntarily waived his right to appeal a sentence imposed pursuant to an improper application of the statutory factors." Aplt's Resp. to Mot. to Enforce Appellate Waiver at 12.

Although couched in terms of knowing and voluntary waiver, this argument (if Lawson were to make it) is fundamentally an attack on the substantive reasonableness of the sentence. *See United States v. Ellis*, 525 F.3d 960, 964 (10th Cir. 2008) ("A sentence is substantively unreasonable if, considering the factors set forth in 18 U.S.C. § 3553(a), the sentence is unreasonable in length."). Lawson may appeal an *above*-Guidelines sentence as substantively unreasonable, *see* Plea Agreement ¶ 15(b), but he received a *within*-Guidelines sentence. And Lawson was specifically warned—both in the plea agreement and at the change-of-plea hearing—that he could receive a sentence of up to ten years. During that hearing, the district court also asked, "[W]hile the Court assumes you hope to receive leniency, are you prepared to accept any punishment permitted by law which the Court sees fit to impose?" Mot. to Enforce Appellate Waiver, Attach. 2 at 8. Lawson answered, "Yes, sir." *Id.* In this light, we see no viable argument that his appeal waiver was other than knowing and voluntary simply because the district court might sentence him to the maximum allowable sentence.

The third question we normally ask is "whether enforcing the waiver would result in a miscarriage of justice." *Hahn*, 359 F.3d at 1325. But Lawson makes no

5

argument in this regard, nor does his counsel suggest any.  We need not address a *Hahn* factor that the defendant does not dispute.  *United States v. Porter*, 405 F.3d 1136, 1143 (10th Cir. 2005).  We deem Lawson to concede that enforcing his appeal waiver would not result in a miscarriage of justice.

In sum, we find that this appeal falls within Lawson's appeal waiver and that no other *Hahn* factor counsels against enforcement of the waiver.  We therefore grant the government's motion to enforce the appeal waiver and dismiss this appeal.  We also grant Lawson's counsel's motion to withdraw.

Entered for the Court
Per Curiam
